**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

JAMES LEE WRIGHT,

          Plaintiff,

v.

CORY BRENNAN, JON SCHRANDT, ADAM JURGENS, BRIAN WILSON, and AUSTIN HANCOCK,

          Defendants.

Case No. 17-CV-398-JPS

**ORDER**

**1.    INTRODUCTION**

On May 19, 2017, Magistrate Judge Nancy Joseph screened Plaintiff's Complaint. (Docket #9). The Complaint alleged that Defendants, various City of Kenosha police officers, violated Plaintiff's constitutional rights during the course of his arrest on May 8, 2014. *Id.* at 3-4. Plaintiff was allowed to proceed on "Fourth Amendment claims against each of the defendants by alleging that their actions towards him were unreasonable. This includes their use of force, their failure to intervene to prevent force from being used, and their refusal to provide medical care." *Id.* at 4. On February 1, 2018, Defendants moved for summary judgment. (Docket #41). Plaintiff's response to the motion was due on or before March 5, 2018. Civ. L. R. 7(b). That deadline has passed and no response has been received. The Court could summarily grant Defendants' motion in light of Plaintiff's non-opposition. Civ. L. R. 7(d). However, as explained below, Defendants also present valid bases for dismissing each claim on its merits. For both of these reasons, Defendants' motion must be granted.

## 2. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016).

## 3. BACKGROUND

The relevant facts are undisputed because Plaintiff failed to dispute them. In the Court's scheduling order, entered August 1, 2017, Plaintiff was warned about the requirements for opposing a motion for summary judgment. (Docket #20 at 2-3). Accompanying that order were copies of Federal Rule of Civil Procedure 56 and Civil Local Rule 56, both of which describe in detail the form and contents of a proper summary judgment submission. In Defendants' motion for summary judgment, they too warned Plaintiff about the requirements for his response as set forth in Federal and Local Rules 56. (Docket #41). He was provided with additional copies of those Rules along with Defendants' motion. *Id.* at 3-9. In connection with their motion, Defendants filed a supporting statement of material facts that complied with the applicable procedural rules. (Docket #44). It contained short, numbered paragraphs concisely stating those facts

which Defendants proposed to be beyond dispute, with supporting citations to the attached evidentiary materials. *See id.*

In response, Plaintiff filed absolutely nothing—no brief in opposition, much less a response to the statement of facts. Despite being twice warned of the strictures of summary judgment procedure, Plaintiff ignored those rules by failing to properly dispute Defendants' proffered facts with citations to relevant, admissible evidence. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. Thus, the Court will, unless otherwise stated, deem Defendants' facts undisputed for purposes of deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants).

In the absence of any factual disputes, and in the interest of brevity, the Court will discuss the material facts as part of its analysis of Plaintiff's claims against each Defendant. All factual discussion is drawn from Defendants' statement of proposed facts. (Docket #44).

4. **ANALYSIS**

As noted above, Plaintiff was allowed to proceed on three species of Fourth Amendment claims. The first, directed at Defendants Brian Wilson ("Wilson"), Austin Hancock ("Hancock"), and Cory Brennan ("Brennan"), is for excessive force in effectuating Plaintiff's arrest. (Docket #1 at 6-8). The second, leveled at Defendants Jon Schrandt ("Schrandt") and Adam Jurgens ("Jurgens"), asserts that they failed to intervene to prevent the other officers' use of excessive force. *Id.* at 7-8. Plaintiff's final claim is that

Defendants refused to secure medical care for his alleged injuries. *Id.* at 8-9. The Court will address each claim in turn.

### 4.1 Excessive Force

Plaintiff alleges that Wilson, Hancock, and Brennan used excessive force when arresting him, namely by striking him forcefully in his back and head and tasering him multiple times. *Id.* at 6-8. Under the Fourth Amendment, this is in essence a claim that Plaintiff was seized unreasonably. *Abdullahi v. City of Madison*, 423 F.3d 763, 768 (7th Cir. 2005). The Fourth Amendment's reasonableness standard applies, which is concerned with whether the force used "was objectively reasonable, judged from the perspective of a reasonable officer on the scene." *Baird v. Renbarger*, 576 F.3d 340, 344 (7th Cir. 2009). Courts are called to account for all of the circumstances of a particular case, including "'[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

The undisputed facts reveal that Plaintiff's recollection of events is mistaken, and that the officers' use of force was entirely reasonable. Officers were called to an apartment complex related to a suspected domestic violence incident. The encounter began with Wilson approaching the complex in his squad car. Plaintiff, standing outside at the time, ran away after being told to stay where he was. He then went into an apartment and shut the door. Plaintiff's flight led Wilson to believe that he was a suspect in the domestic violence incident. When Plaintiff refused to open the door, Wilson called for backup.

Hancock arrived to assist. The domestic violence victim exited the apartment and spoke with the officers, showing them her injuries. The victim further stated that she feared for her children's safety; they were still in the abode. Wilson and Hancock then kicked the door in and entered the apartment with their guns drawn. They found Plaintiff in a back bedroom. Plaintiff reluctantly complied with their orders and laid down on the ground. Unsure of whether the apartment was truly clear, or if Plaintiff could still access a weapon, the officers moved in to handcuff him. Plaintiff actively resisted their efforts to bring his hands together behind his back. To gain compliance, Hancock struck Plaintiff in the back with his hand.

Brennan then arrived and, seeing the struggle, put his weight across Plaintiff's legs. Throughout this time, the officers repeatedly told Plaintiff to stop resisting, and he continued to ignore them. Despite their efforts, the officers could not gain control of Plaintiff's right arm. Wilson thus felt compelled to tase Plaintiff in the back. This achieved compliance and allowed the officers to secure Plaintiff in handcuffs.

These facts demonstrate that the officers were justified in using, and escalating, the force applied to Plaintiff. The crime at issue was a serious domestic violence incident. The officers also reasonably believed that Plaintiff posed a continuing threat to the victim's children and to anyone else; he was locked in the apartment and might have been barricading himself within or obtaining a weapon. Finally, Plaintiff both fled and resisted the officers throughout their encounter.

The officers initially used no force against Plaintiff. Only when his resistance continued and the officers feared for their safety did they incrementally increase the level of force. They were justified in moving from a strike, to putting their weight on Plaintiff's body, to eventually using

a taser. In the end, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97. With this principle in mind, and on these undisputed facts, no reasonable jury could find that Wilson, Hancock, or Brennan employed excessive force in arresting Plaintiff.

### 4.2 Failure to Intervene

Plaintiff contends that Schrandt and Jurgens failed to intervene to stop the other officers' use of excessive force. This claim fails for two reasons. First, without a viable underlying claim of excessive force, Schrandt and Jurgens cannot be held liable for failing to intervene. *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005). Second, even absent this principle, Schrandt and Jurgens were in no position to intervene. One of the essential elements of a failure-to-intervene claim is the defendant having "'a realistic opportunity to intervene to prevent the harm from occurring.'" *Abdullahi*, 423 F.3d at 774 (quoting *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). While Schrandt and Jurgens were indeed on scene at the apartment complex, neither was present in the apartment when Plaintiff was arrested. They could not intervene against a use of force which they did not know about until (at best) after the fact.

### 4.3 Refusal to Secure Medical Care

Plaintiff's final claim is that each Defendant refused to obtain medical treatment for his injuries, despite his repeated requests for the same. The Fourth Amendment's reasonableness standard also controls this claim. The Seventh Circuit has identified four factors which help determine

whether an officer's response to a request for medical attention was reasonable:

> (1) whether the officer has notice of the detainee's medical needs;
>
> (2) the seriousness of the medical need;
>
> (3) the scope of the requested treatment; and
>
> (4) police interests, including administrative, penological, or investigatory concerns.

*Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011).

The relevant facts begin after Plaintiff's arrest. He was taken to a squad car and the taser probes were removed from his back. Plaintiff then complained to Brennan that his mouth hurt. Brennan did not see any sign of illness or injury, but nevertheless reported the concern to his supervising sergeant. The sergeant told Brennan to take Plaintiff to jail. As part of the intake process, Brennan asked Plaintiff if he had any injuries, and Plaintiff responded negatively. The next day, Plaintiff completed a medical questionnaire. The only injury he listed was a pre-existing dental condition. While incarcerated, Plaintiff submitted numerous requests for medical care, but none were related to the alleged injuries sustained during his arrest.

These facts show that the first and second elements are not met. First, Defendants had no notice of a medical need. Plaintiff's single complaint about his mouth was not supported by any objective observation, or indeed his own statements taken later at the jail. Second, even assuming Plaintiff had a medical need, it was his pre-existing dental condition, for which he had previously sought treatment. There is no evidence that Plaintiff had any serious injuries arising from the May 8, 2014 arrest which required medical care. Defendants' response to Plaintiff's request for medical attention was therefore reasonable. In other words, Defendants were under

no obligation to take Plaintiff to the hospital or otherwise seek care for him, when he himself admitted that he had no injuries.

## 5. CONCLUSION

On the undisputed facts presented, summary judgment is appropriate in Defendants' favor on each of Plaintiff's claims against them. The Court must, therefore, grant Defendants' motion and dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (Docket #41) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge